**Norde JAMES, Plaintiff–Appellant,**

v.

**Isaiah MCKINNON, et al.,
Defendants–Appellees.**

**No. 99–2477.**

United States Court of Appeals,
Sixth Circuit.

July 6, 2001.

Before RYAN and COLE, Circuit
Judges; MARBLEY,* District Judge.

OPINION

PER CURIAM.

Plaintiff–Appellant Norde James appeals the district court's orders granting summary judgment in favor of Defendants–Appellees on his claims arising under 42 U.S.C. § 1983. James was employed as Director of Police Personnel for the City of Detroit and filed suit against Defendants–Appellees the City of Detroit; Isaiah McKinnon, the Chief of Police for the City of Detroit; Kenneth Hollowell, a member of the Board of Police Commissioners; Miriam Clark, another Commissioner; and Gary Dent, Director of Human Resources. James alleges that Defendants: (1) deprived him of a liberty interest in violation the Due Process Clause by publishing stigmatizing information about him and then denying him a name-clearing hearing; and (2) violated the First Amendment by terminating him in retaliation for threatening to uncover corruption within the Detroit Police Department.

By order dated July 16, 1999, the district court (1) granted Defendants' motion for summary judgment on the First Amendment and procedural due process claims as to all defendants; (2) granted summary judgment on the liberty interest due process claim as to Defendants Hollowell and McKinnon; and (3) denied summary judgment on the liberty interest due process claim as to Defendants Clark, Dent, and the City of Detroit. On July 28, 1999, Defendants filed a motion for partial reconsideration on grounds that James failed to present any evidence that Defendants published any stigmatizing information about him or that he had requested, and was denied, a name-clearing hearing. On November 24, 1999, the district court granted Defendants' motion for partial reconsideration and entered summary judgment in favor of Defendants on the remaining claims.

After careful review of the record, applicable law, counsels' briefs and arguments, and the district court orders, we conclude that the district court did not err in granting summary judgment in favor of Defendants. We also believe that issuance of a full written opinion in this case would be duplicative and serve no useful purpose. Accordingly, based upon the reasoning set forth in the district court's July 16 and November 24, 1999, orders, we affirm the judgment of the district court.

---

* The Honorable Algenon L. Marbley, United States District Court for the Southern District of Ohio, sitting by designation.